**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780

March 3, 2022

LETTER TO COUNSEL

    RE:    *Josiah T. v. Commissioner, Social Security Administration*
                Civil No. SAG-20-3572

Dear Counsel:

    On December 9, 2020, Plaintiff Josiah T. petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny his claims for Disability Insurance Benefits and Supplemental Security Income. ECF No. 1. I have considered the parties' cross-motions for summary judgment and Plaintiff's reply. ECF Nos. 14, 17, 18. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny Plaintiff's motion, grant the SSA's motion, and affirm the SSA's judgment pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

    Plaintiff filed his claim for Disability Insurance benefits on January 15, 2015, and for Supplemental Security Income on June 15, 2016, alleging a disability onset date of September 23, 2014. Tr. 272-73, 281-92. His claims were denied initially and on reconsideration. Tr. 145-48, 150-51. Hearings were held on July 13, 2017, and September 10, 2019, before an Administrative Law Judge ("ALJ"). Tr. 47-89. Following the hearings, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act prior to July 1, 2017, but found Plaintiff became disabled on that date and has continued to be disabled. Tr. 14-44. The Appeals Council denied Plaintiff's request for review, Tr. 3-8, so the ALJ's decision constitutes the final, reviewable decision of the SSA. *Sims v. Apfel*, 530 U.S. 103, 106-07 (2000); *see also* 20 C.F.R. § 422.210(a).

    The ALJ found that Plaintiff suffered from the following severe impairments prior to July 1, 2017: "diabetes mellitus, degenerative disc disease, cervical spinal stenosis, cervical radiculopathy, carpal tunnel syndrome, diabetic retinopathy, loss of visual acuity, asthma, and gastroparesis." Tr. 22-23. Despite these impairments, the ALJ determined that, prior to July 1, 2017, Plaintiff retained the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except that [Plaintiff] was limited to lifting and carrying from waist to chest level. [Plaintiff] was able to sit or stand up to 30 minutes at a time before changing positions. [Plaintiff] had to avoid climbing, but he could perform other postural

>   movements on an occasional basis.  [Plaintiff] was limited to frequent grasping, handling, and reaching.  [Plaintiff] had to avoid working around hazards such as moving dangerous machinery and unprotected heights.  [Plaintiff] had to avoid concentrated exposure to respiratory irritants and extreme temperatures and humidity.  [Plaintiff] had to avoid work involving use of depth perception and bilateral vision but he could perform work involving rather large objects.

Tr. 25.  After considering the testimony of a vocational expert ("VE"), the ALJ determined that Plaintiff could not perform his past relevant work as a water softener installer, but that he could perform other jobs existing in significant numbers in the national economy prior to July 1, 2017. Tr. 31-32.  Therefore, the ALJ concluded that Plaintiff was not disabled prior to July 1, 2017. Tr. 35.

Plaintiff raises two arguments on appeal, specifically that the ALJ erroneously: (1) failed to properly evaluate whether Plaintiff met the requirements of Listing 1.04A at step three; and (2) failed to follow the "special technique" procedure regarding Plaintiff's mental impairments at step two.  ECF No. 14-2.

Plaintiff's first argument is that the ALJ failed to properly evaluate Listing 1.04A at step three.  ECF No. 14-2 at 10-24).  Step three requires the ALJ to determine whether a plaintiff's impairments meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  The Listing of Impairments describes "for each of the major body systems impairments that [the agency considers] to be severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience."  20 C.F.R. § 404.1525(a).  Listing 1.04 covers disorders of the spine "resulting in compression of a nerve root or the spinal cord."  20 C.F.R. Part 404, Subpart P, Appendix 1, § 1.04.  Listing 1.04 also requires the satisfaction of one of three additional requirements identified as Requirements A–C.  *Id.* Requirement A requires "[e]vidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine) . . . ."  *Id.* § 1.04A.

In this case, the ALJ found that Plaintiff had a severe impairment of cervical radiculopathy, among other impairments, at step two. Tr. at 23.  At step three, the ALJ opined that Plaintiff nevertheless failed to meet the requirements for Listing 1.04 because "records indicate that [Plaintiff] alleges chronic neck pain; however, the objective medical evidence indicates that [Plaintiff] has no gait instability and that he is able to ambulate effectively.  Further, while the records note diagnoses including cervical stenosis and disc herniation, there is no imaging in the record that shows evidence of cord compress."  Tr. 24.

Plaintiff correctly argues that Listing 1.04A does not require evidence of ineffective ambulation, gait instability, or imaging that shows nerve root compression.  Plaintiff maintains that the ALJ's finding that Plaintiff suffered from cervical radiculopathy is equivalent to determining that Plaintiff suffered from nerve root compression.  A diagnosis of radiculopathy, such as Plaintiff's diagnosis, could indicate nerve root compression.  *Walker v. Colvin*, No. CBD-

15-2293, 2016 WL 8669936, at *4 (D. Md. July 15, 2016) ("[R]adiculopathy is defined as 'compression of the nerve root.'" (citing *Gale Encyclopedia of Medicine* (2008)). Yet, Plaintiff fails to assert evidence that he meets the other requirements of Listing 1.04A, including neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine). "For a [plaintiff] to show that his impairment matches a listing, it must meet *all* of the specified medical criteria." *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990) (emphasis in original). The plaintiff bears the burden of demonstrating that his impairment meets or medically equals a listed impairment. *Kellough v. Heckler*, 785 F.2d 1147, 1152 (4th Cir. 1986). Here, Plaintiff has not attempted to show that he meets the other requirements of Listing 1.04A besides nerve root compression. Therefore, Plaintiff is unable to establish an error that necessitates remand. *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) ("[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination."), *Gove v. Colvin*, No. CBD-15-1659, 2016 WL 3541212, at *5 (D. Md. June 29, 2016) ("Even if an ALJ commits a legal error, the burden is on Plaintiff to show that it is harmful error.").

Next, Plaintiff maintains that the ALJ failed to properly apply the "special technique" regarding his mental impairments. ECF No. 14-2 at 24-29. Pursuant to the Social Security regulations, the ALJ must employ the "special technique" when evaluating the severity of a plaintiff's mental impairment. 20 C.F.R. §§ 404.1520a, 416.920a; *see also Patterson v. Comm'r of Soc. Sec. Admin.*, 846 F.3d 656, 659 (4th Cir. 2017). First, the ALJ must determine whether the plaintiff has a medically determinable mental impairment. 20 C.F.R. §§ 404.1520a(b)(1), 416.920a(b)(1). Then the ALJ must "rate the degree of functional limitation resulting from the impairment" by determining the degree of limitation in four areas: 1) understanding, remembering, or applying information; 2) interacting with others; 3) concentrating, persisting, or maintaining pace; and 4) adapting or managing oneself. *Id.* §§ 404.1520a(c)(3), 416.920a(c)(3). The ALJ must rate the degree of the claimant's restriction by using a five-point scale: none, mild, moderate, marked, and extreme. If the degree of limitation in these four areas are "none" or "mild," the ALJ will generally determine the mental impairment is nonsevere. *Id.* §§ 404.1520a(d)(1), 416.920a(d)(1).

Here, Plaintiff stated that one of his medical conditions that caused his disability was depression. Tr. 361. The ALJ recognized this when reviewing Plaintiff's alleged conditions in the RFC. Tr. 26. Additionally, Plaintiff discussed his depression during his hearing. Tr. 78. At step two, the ALJ did not name Plaintiff's depression as a severe impairment. He noted that he found "all other impairments alleged and/or found in the record [to be] non-severe, because they did not exist for a continuous period of 12 months, were responsive to medication, did not require any significant medical treatment, or did not result in any continuous exertional or nonexertional functional limitations. All other impairments alleged and found in the record do not cause more than minimal functional limitations, and are therefore non-severe." Tr. 23. The ALJ also determined that Plaintiff's mental disorders did not meet the requirements of Listing 12.00 at step three. Tr. 25. The ALJ also gave significant weight to the medical opinion of consultative examiner Tyler Calabrese, Psy.D., who opined that Plaintiff had no limitations in any of the four functional areas and noted only positive findings during Plaintiff's mental status examination. Tr.

*Josiah T. v. Commissioner, Social Security Administration*
Civil No. SAG-20-3572
March 3, 2022
Page 4

609-13. The ALJ accorded Dr. Calabrese's significant weight because it was "consistent with the medical evidence of record and the lack of mental health treatment other than medications prescribed by [Plaintiff's] primary care doctor." Tr. 30.

The ALJ did not complete the special technique and rate Plaintiff's degree of functional limitation in each of the four areas as required by SSA regulations. Plaintiff argues that, due to this error, remand is necessary. However, the Fourth Circuit stated that an ALJ's failure to document application of the special technique may be harmless error in some cases. *Patterson*, 846 F.3d at 662. While this error in *Patterson* was not harmless error, *Patterson* is factually distinguishable from this case. In *Patterson*, the ALJ concluded that the plaintiff had a severe mental impairment, while in this case, the ALJ concluded that Plaintiff did not have a severe mental impairment. *Id.* As noted by the ALJ, Dr. Calabrese's opinion stated that Plaintiff had, among other normal findings, appropriate orientation, intact attention and concentration, and good memory. Tr. 609-13. Additionally, the state agency psychologist at the reconsideration level determined that Plaintiff's anxiety and affective disorders were nonsevere and noted that Plaintiff would have only mild limitations in activities of daily living, maintaining social functioning, and maintaining concentration, persistence, and pace. Tr. 106-08. Despite the ALJ's failure to complete the special technique, it is clear from Dr. Calabrese's and the reconsideration state agency psychologist's determinations that Plaintiff's mental impairments were nonsevere and that Plaintiff experienced mild to no limitations in the four functional areas. The ALJ also specifically stated that Dr. Calabrese's opinion was afforded significant weight because it was consistent with Plaintiff's record and lack of mental health treatment. Therefore, the ALJ's failure to complete the special technique amounts to harmless error.

For the reasons set forth herein, Plaintiff's Motion for Summary Judgment, ECF 14, is DENIED, and Defendant's Motion for Summary Judgment, ECF 17, is GRANTED. The SSA's judgment is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing order follows.

Sincerely yours,

/s/
Stephanie A. Gallagher
United States District Judge